J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Nike, Inc.

Farzana Ghias
d/b/a Hip Hop Shoes and Hip Hop Shop
10970 International Blvd., #K-9
Oakland, California 94603
Telephone: (510) 633-1307

Defendant, *in pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| Nike, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Farzana Ghias, an individual and d/b/a Hip Hop Shoes and Hip Hop Shop and Does 1 through 10, inclusive,<br><br>Defendant. | Case No. C 07-5280 PJH<br><br>**JOINT STIPULATION RE ENTRY OF CONSENT DECREE; [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION** |

WHEREAS, Nike, Inc. ("Nike" or "Plaintiff"), having filed a Complaint in this action charging Defendant Farzana Ghias, an individual and d/b/a Hip Hop Shoes and Hip Hop Shop ("Defendant") with liability for trademark infringement, trademark dilution, and unfair competition, and the Parties desiring and having agreed to settle the controversy between them.

Nike, and Defendant, by and through Plaintiff's counsel of record and Defendant *in pro se*, stipulate and agree as follows:

1. That a Permanent Injunction and [Proposed] Consent Decree may be entered upon the terms set forth below.

2. Defendant stipulates not to appeal the Consent Decree entered pursuant to this Stipulation and hereby waives all rights to appeal from it. Defendant hereby waives any rights which he may have to request or to have a new trial or any rights which he may have to otherwise challenge, directly or collaterally, the Injunction entered pursuant to the terms of this Stipulation, unless there is a breach by Nike of the Release and Settlement Agreement and this Stipulation.

3. Defendant acknowledges that she has completely read the terms of this Stipulation and [Proposed] Order and fully understands the terms and consequences of the Stipulation and [Proposed] Order.

4. The waiver by a party to this Stipulation of the performance of any covenant, condition or promise herein shall not invalidate this Stipulation nor shall any such waiver be construed as a waiver or relinquishment of the performance of any other covenant, condition or promise in this Stipulation.

5. This Stipulation may be amended or modified only by a written instrument signed by all the Parties.

6. The claims for relief, and each of them, alleged by Nike against Defendant, shall be dismissed with prejudice.

/ / /

/ / /

/ / /

7. This Stipulation shall be binding on and inure to the benefit of the Parties to it, their successors, heirs or assignees.

IT IS SO STIPULATED:

Dated: 12-4, 2007

J. Andrew Coombs, A Prof. Corp.

By: ______________________
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

Dated: 11/26/07, 2007

Farzana Ghias

By: Farzana Ghias
Farzana Ghias, an individual and d/b/a Hip Hop Shoes and Hip Hop Shop
Defendant, *in pro se*

The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal that has been executed by Plaintiff Nike, Inc. ("Nike" or "Plaintiff") and Defendant Farzana Ghias, an individual and d/b/a Hip Hop Shoes and Hip Hop Shop ("Defendant") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendant, her successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1331, 1338 and 1367. Service of process was properly made against Defendant.

2) Nike claims that it owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

3) Nike has alleged that Defendant has made unauthorized uses of the Nike Trademarks or substantially similar likenesses or colorable imitations thereof.

4)  Defendant and her agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a)  Infringing the Nike Trademarks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of the Nike Trademarks ("Unauthorized Products"), and, specifically from:

        i)  Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

        ii)  Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Nike Trademarks;

        iii)  Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Nike, is sponsored, approved or licensed by Nike, or is affiliated with Nike;

        iv)  Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Nike.

5)  Each side shall bear its own fees and costs of suit.

6)  Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7)  This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8)  The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:

_______________________________
Hon. Phyllis J. Hamilton
Judge, United States District Court
for the Northern District of California

PRESENTED BY:
J. Andrew Coombs,
A Professional Corporation

By: _______________________________
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiff Nike, Inc.

Farzana Ghias

By: _______________________________
Farzana Ghias, an individual and
d/b/a Hip Hop Shoes and Hip Hop Shop
Defendant, *in pro se*

**EXHIBIT A**

Nike Trademark Registrations

| Trademark | Registration Number | Registration Date |
|---|---|---|
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Air Jordan® | 1,370,283 | November 12, 1985 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX . | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| Jump Man device | 1,742,019 | December 22, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Nike® | 2,196,735 | October 13, 1998 |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| THERMA-STAR | 2,960,844 | June 7, 2005 |

| | | |
|---|---|---|
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| STARTER | 2,971,216 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| NIKEFREE | 3,087,455 | May 2, 2006 |

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 E. Wilson Ave., Suite 202, Glendale, California 91206.

On December 4, 2007, I served on the interested parties in this action with the following:

- JOINT STIPULATION RE ENTRY OF CONSENT DECREE; [PROPOSED] CONSENT DECREE AND PERMANENT INJUNCTION

for the following civil action:

Nike, Inc. v. Farzana Ghias d/b/a Hip Hop Shoes and Hip Hop Shop, et al.

by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| Farzana Ghias d/b/a Hip Hop Shoes and Hip Hop Shop<br>10970 International Blvd., #K-9<br>Oakland, California 94603 | |
|---|---|

Place of Mailing: Glendale, California
Executed on December 4, 2007, at Glendale, California

Jeremy Cordero